IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,

v.

CHARLES BOYKIN,

    Defendant.

No. CIV S-09-3034 KJM EFB

ORDER

This matter is before the court following plaintiff's response to the court's order that he show cause why the action should not be dismissed for his failure to prosecute. After considering plaintiff's response, the court hereby orders the case dismissed.

I. BACKGROUND

Plaintiff filed the instant complaint on October 30, 2009, alleging that he had discovered a number of ADA violations at Western Ranch Supply, a pet store in Vacaville, owned by defendant. ECF No. 1. Defendant was served with summons and complaint on November 24, 2009. ECF No. 5. On December 21, 2009, the parties stipulated that defendant could have additional time to answer the complaint. ECF No. 4.

On January 20, 2010, the parties filed a joint status report noting, among other things, that plaintiff had served a settlement demand, but that defendant had not yet responded.

1

ECF No. 7.  The court issued a pretrial scheduling order on January 28, 2010, setting the case for trial on October 4, 2011 with a dispositive motion cut-off date of May 27, 2011 and referring the case to the Voluntary Dispute Resolution Program (VDRP) at the parties' request.  ECF No. 9.

On February 1, 2010, defendant filed a notice of related case and on February 4, 2010, the court ordered Civ. No. S-09-0071 FCD DAD related to the instant case.  ECF Nos. 10, 12.  Thereafter defendant dismissed the cross-complaint against JP Dolan Lumber Company and JP Dolan, which had been related.  ECF No. 15.

On November 10, 2010, the VDRP administrator notified the court that the VDRP process had completed and the case had settled.

On March 4, 2011, this court ordered the parties to file a joint status report.  ECF No. 18.  On March 16, 2011, the parties filed their status report, representing that they "are currently in settlement and a settlement agreement is being finalized."  ECF No. 19.  The court thereafter vacated the dates for final pretrial conference and trial "[i]n light of the parties' ongoing settlement negotiations."  ECF No. 21.

On August 9, 2011, the parties filed a joint status report, again representing that they were "currently in settlement and are finalizing a settlement agreement."  ECF No. 22.

On August 28, 2012 the court directed the parties to file an updated joint status report.  ECF N0. 23.  In response, plaintiff filed a joint status report addressing factors applicable to an initial status report, as though a pretrial scheduling order had not issued.  For example, plaintiff discussed the time necessary for discovery, proposed an August 2013 trial date and consented to a VDRP referral.  He also noted that the case had settled.  ECF No. 25.  On September 25, 2012, the court directed the parties to file dispositional documents based on the representation that the case had settled.  ECF No. 26.

On November 20, 2012, the court directed plaintiff to show cause why this action should not be dismissed for failure to prosecute.

/////

On December 4, 2012, plaintiff filed a response, claiming that the blame for the delay lies with defendant's counsel, who failed to respond to plaintiff's request for progress on finalizing settlement or who represented that she had been unable to reach defendant. ECF No. 28. Plaintiff has provided copies of emails from his office to defense counsel's office. The first, in November 2010, included a copy of the settlement agreement. ECF No. 28-1 at 2. The second, December 2010, asked for an update on the settlement. ECF No. 28-2 at 2. The next communication was in March 2011, asking for counsel's participation in preparing the status report and asking about the funds for the settlement. ECF No. 28-3 at 2. This was followed by an email in April 2011, again asking about the settlement agreement and funds. ECF No. 28-4 at 2. A further request for information was sent in May 2011. The next written communications were a FAX on February 1, 2012 and then emails in August and October 2012. ECF Nos. 28-6 at 2, 28-7 at 2, 28-8 at 2. In his declaration in support of the response, plaintiff avers that he received email replies from defendant's counsel in February, March, May, and December 2011, but he has not attached those documents. He represents that counsel assured him that she was working on the settlement or attempting to contact her client. ECF No. 28 ¶¶ 7, 8, 10, 14, 16,

In addition, plaintiff avers that he either left messages for or spoke to defendant's counsel in January and March 2011 and in October, November and December 2012. ECF No. 28 ¶¶ 6, 11, 22, 29. Defendant's counsel told plaintiff that she was working on completing the settlement or that she was unable to contact defendant.

Plaintiff asks that the case remain open "as it is Defendants [*sic*] Counsel who has stated that this matter has settled; however, Counsel has not been able to complete the settlement agreement due to limited communication with their client and representative." ECF No. 28 ¶ 30.

II. ANALYSIS

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if a plaintiff fails to prosecute. A 41(b) dismissal "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In this case, plaintiff did nothing on this case between an email in May 2011 and a fax in February 2012, which constitutes at least one period of unreasonable delay.

Prior to dismissing for failure to prosecute under Rule 41(b), the court must consider the factors outlined in *Henderson* namely:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  779 F.2d at 1423.  "The district court has the inherent power sua sponte to dismiss a case for lack of prosecution."  *Id.*

First, the public has an interest in expeditious resolution of litigation.  Here, plaintiff has failed to secure a settlement apparently reached over two years ago, making only periodic inquiries about the defense counsel's progress in securing the funds from her client.  Despite defendant's dilatory behavior, plaintiff has done nothing to move this case forward toward resolution.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  Plaintiff's repeated failure to timely prosecute his case has unreasonably prolonged this case long beyond the time originally set for trial.  The first *Henderson* factor weighs in favor of dismissal.

Second, plaintiff's delays have interfered with management of this court's docket.  The court sent plaintiff to VDRP at his request and thereafter has expended judicial resources in issuing requests for status reports and setting deadlines, which plaintiff has nevertheless ignored.  *See Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket strongly favored dismissal because "[p]laintiffs tardily filed their motion for a written order, requiring the district court to devote further time and resources to this matter rather than to the merits of an amended complaint.").  This second factor also weighs strongly in favor of dismissal.

/////

/////

The third factor does not favor dismissal, as defendant has not been prejudiced by plaintiff's actions and may receive a windfall for his dilatory behavior.

Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  The court finds this factor to favor dismissal.  So far as the court can determine, plaintiff has done nothing to move this case toward a disposition on the merits.  When it became obvious that defendant was not prepared to honor the settlement, plaintiff did not file dispositive motions or attempt to bring the case to trial.  Indeed, he has done nothing to suggest that the case will ever resolve either by settlement or by trial.  The case is plaintiff's, yet he has done next to nothing to see it to its conclusion except to blame defendant.  Defendant's blameworthiness, if such is the case, does not excuse plaintiff from seeking to do something to move the case forward.

As for the fifth and final factor, "[t]he district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981)).  The court has requested several updates on the progress of the litigation, only to be told in confusing and contradictory fashion that the case had settled or that the parties were working toward settlement even after the VDRP administrator had reported that the case had settled.  Given plaintiff's failure to do anything but contact defense counsel on occasion, it is unclear what sanction apart from dismissal will adequately encourage plaintiff to prosecute his case responsibly, particularly in light of his law degree, membership in the California Bar, and substantial track record of litigating in this court. *See Nevijel*, 651 F.2d at 674 ("less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986) (finding dismissal appropriate

after the court granted several pretrial conference continuances, plaintiff was not prepared for the conferences, and plaintiff was warned that failure to be prepared would result in a dismissal). The court finds this factor also favors dismissal.

III.   CONCLUSION

*Henderson* factors one, two, four and five weigh in favor of the sanction of dismissal with prejudice, and factor three does not favor dismissal. Given plaintiff's pattern of dilatory conduct despite the many opportunities this court has provided, the court finds "that the future [holds] only the prospect of continued improprieties." *Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds*, *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987), *order vacated by* 488 U.S. 986 (1988). Plaintiff's claims are therefore DISMISSED with prejudice. This case is closed.

IT IS SO ORDERED.

DATED: December 20, 2012.

_____
UNITED STATES DISTRICT JUDGE